FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

2005 JUL 20 P 3:42

U.S. DISTRICT COURT
ANN ARBOR

RANDY SWIX and PAMELA SWIX
as Co-Conservators of the Estate
of Aaron Ray Swix

        Plaintiffs,

vs.

DAISY MANUFACTURING COMPANY, INC.

        Defendant
_____/

Case No. 02-70152

HONORABLE DENISE P. HOOD
HONORABLE STEVEN D. PEPE

### ORDER DENYING AS UNNECESSARY PLAINTIFFS' MOTION REQUESTING LEAVE TO AMEND (#55), AND ALLOWING ADDITIONAL DISCOVERY

This matter is before the Court on Plaintiffs' Motion Requesting Leave to Amend the complaint, filed on May 27, 2005 (Dkt. 55). The parties submitted briefs and an informal status conference was held on July 20, 2005. For the reasons that follow, Plaintiffs' Motion Requesting Leave to Amend is DENIED AS UNNECESSARY.

On April 20, 2000, Plaintiffs' son lost the use of his left eye when it was hit by a bullet from an air rifle fired by his friend. On January 14, 2002, Plaintiffs filed suit against the manufacturer of the air rifle alleging failure to warn, design defects, and negligence, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332. The case was originally dismissed by the Court, but reinstated on appeal by the Sixth Circuit. The Second Amended Complaint was filed on November 23, 2004 (Dkt. 47). Discovery was to end by May 9, 2005, but was extended by parties' stipulation for sixty days to allow the

deposition of certain expert witnesses (Dkt. 45, 54). The final pre-trial conference is scheduled for September 12, 2005 (Dkt. 45).

Plaintiffs are trying to add language to paragraph 12 of their complaint to clarify that they are alleging gross negligence under MICH. COMP. LAWS. § 600.2945(d) which would allow an award of greater non-economic damages. MICH. COMP. LAWS. § 600.2946a(3)("[t]he limitation on [non-economic] damages . . . does not apply to a defendant if the trier of fact determines by a perponderance [sic] of the evidence that the death or loss was the result of the defendant's gross negligence"). Plaintiffs also want to clarify that they are seeking actual as well as non-economic damages. Neither step is necessary under the current system of pleading used in Federal courts.

The 1938 Federal Rules of Civil Procedure liberalized earlier pleading requirements. Detailed fact pleading was no longer required given the liberal discovery rules. In addition, Fed.R.Civ.P. 8(a) eliminated the concept of "cause of action"[1] and required only statement of a claim. While it is commonplace to plead every legal "count" or cause of action justifying an asserted claim, this is not necessary, and indeed has been criticized.

In *Gins v. Mauser Plumbing Supply Co.*, 148 F.2d 974 (2d Cir. 1945), Judge Charles Clark,[2] joined by Judges Learned and Augustus Hand, were confronted with a

---

[1] *See* Advisory Committee's 1955 Report Note to Rule 8(a)(2), quoted and discussed in Wright & Miller, *Federal Practice and Procedure Civil 2d* § 1201 & n. 11 (1969).

[2] Charles E. Clark, Dean of the Yale Law School and later Chief Judge of the Second Circuit, was one of the moving forces in the 1938 adoption of the Federal Rules. He was Reporter for the

complaint alleging five separate "causes of action." Judge Clark noted:

> As a matter of fact, all these separate causes were only the statement of the same claim in the light of different legal theories. Such repetitious statement of legal claims, originally required by the exigencies of common-law pleading, is too firmly grounded in our history to be outlawed even though it has often been criticized by code pleaders. . . .
> 3/Stephen, *Pleading*, 458-565, (Williston's Ed. 1895);
> Shipman, *Common-Law Pleading*, 203-206, (3d Ed. Ballantine 1923).
>
> A simple statement in sequence of the events which have transpired, coupled with a direct claim by way of demand for judgment of what the plaintiff expects and hopes to recover, is a measure of clarity and safety; and even the demand for judgment loses its restrictive nature when the parties are at issue, for particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled, whether demanded or not.

148 F.2d at 976.

Here, Plaintiffs have already pled that Defendant's conduct was "so willful and wanton that it demonstrated a reckless disregard for the plaintiffs' child's safety." Gross negligence is defined by statute as "conduct so reckless as to demonstrate a substantial lack of concern for whether injury results." MICH. COMP. LAWS. § 600.2945(d). Therefore, Plaintiffs have already pled with sufficient specificity facts that may support a finding of gross negligence, and therefore do not need to amend their complaint to include the specific statutory provision. Further, it is apparent reading the complaint that Plaintiffs are seeking economic and non-economic damages by pleading "[t]he social, economic and

---

Supreme Court's Advisory Committee to draft the federal rules, and has been a frequent author on the subject. See, e.g., Clark & Moore, *A New Federal Civil Procedure -- I, The Background*, 44 Yale L.J. 387 (1935); Clark, *Two Decades of the Federal Civil Rules*, 58 Col.L.R. 435 (1958); Smith, *Judge Charles E. Clark and the Federal Rules of Civil Procedure*, 85 Yale L.J. 914 (1976).

emotional loss due to the injury is well in excess of $1,000,000" (Compl. ¶10); *See Gins*, 148 F.2d at 976. If a showing of gross negligence is required under Michigan law for such an award of damages, this Court will require the jury to make such a finding of heightened wrongdoing.

Plaintiffs, by bringing this Motion, are merely attempting to clarify what already has been sought in the complaint. The Motion Requesting Leave to Amend is DENIED AS UNNECESSARY. The Court and Defendant are now on notice of a specific statutory cause of action upon which Plaintiffs seek to recover, and the Final Pretrial Order which supercedes all earlier pleadings as the operative directive for trial will include the gross negligence claim under MICH. COMP. LAWS. § 600.2945(d).

Discovery is reopened for the limited purpose of allowing Defendant to inquire as to the scope and nature of non-economic damages sought as follows:

- Defendant may submit to Plaintiffs written discovery requests regarding alleged non-economic damages within seven days of this order.

- Plaintiffs shall serve their response to said requests within seven days of service.

- Within seven days of service of Plaintiffs' response, and subject to Plaintiffs' legally relevant objections, Defendant may request additional depositions and/or a psychological profile of Aaron Swix based on Plaintiffs' responses to said discovery requests.

Any party may file objections to this order within ten (10) days of service of this order pursuant to FED. R. CIV. P. 72(a) and E. D. MICH LR 72.1(d).

SO ORDERED.

Dated: July 20, 2005
Ann Arbor, Michigan

STEVEN D. PEPE
UNITED STATES MAGISTRATE JUDGE

Pursuant to Rule 77(d), FRCivP
...HAVE BEEN MAILED TO THE
...WING:
Clark Shanahan, Patricia McAvoy
J. Thomas Lenga, Jack Kalmink
Paul Smith, William Griffin, III
John DeMoss

JUL 20 2005

DEPUTY CLERK

5